In decisions Nos. 1–96 the court is as follows: Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■  In the Matter of EDWARD V. CLARK et al., Individually and as Trustees of Roseton Common School District No. 5 of the Town of Newburgh, et al., Respondents, v. JAMES E. ALLEN, JR., As Commissioner of Education of the State of New York, Appellant.— Order unanimously affirmed, without costs. The issue of prior adjudication can be raised by answer.

■  In the Matter of the Claim of LUCIANO TUMBIOLO, Appellant, v. SALVATORE AMONDRES CONSTRUCTION COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant appeals from a decision of the Workmen's Compensation Board which held that claimant had no causally related disability subsequent to July 12, 1954. Claimant had been employed as a presser for many years, and was also employed as a bricklayer on a seasonal basis. In the latter employment he sustained accidental injuries on June 9, 1953. Awards were made and compensation was paid from the date of the accident until July 12, 1954. Claimant had returned to work as a presser prior to that date, but claimed that he could not resume work as a bricklayer because of dizziness when working at heights. Claimant had sustained two prior nonindustrial accidents, one on January 26, 1952 and one on September 22, 1952. The record presents an open factual question as to whether claimant was suffering from any disability subsequent to July 12, 1954, and, if he was suffering from any disability, whether it was occasioned by the prior nonindustrial accidents or by the accident suffered in his employment. The question of claimant's disability subsequent to July 12, 1954 was sharply litigated, and claimant's credibility vigorously attacked. The record contains substantial evidence, both lay and medical, to support the board's finding that claimant had no causally related disability subsequent to July 12, 1954. Decision unanimously affirmed, without costs.